Good morning and welcome to the Ninth Circuit. Judge Thomas and I would like to extend a special welcome to Judge Rosenthal from the United States District Court for the Southern District of Texas. We are very grateful for your willingness to come out and help us with our work. It's a great pleasure, thank you. We will hear argument first this morning in Hadian v. Garland. Ms. Barham. Yes, Your Honor. You may proceed. Good morning, Your Honors. On behalf of Petitioner Hadian, sorry, Seyed Tawfiq Mir Hadian, may it please the court, I would like to reserve two minutes for rebuttal. You may, but just watch your time. Oh, certainly. In this case, there are multiple errors on the part of both the BIA and the IJ regarding whether or not the case should have been reopened based on ineffective assistance of counsel. There are multiple, I think you have to go back to the beginning of the original sentence in this case to look at what actually happened. Mr. Hadian had the misfortune of hiring, or what he thought he hired, an attorney named Sean Donrad. Sean Donrad was so incompetent that he was even unable to fill out his entry of appearance for the court properly. Instead of pasting the name of the Petitioner respondent in this case, Mr. Hadian, in the correct line, he put his own name. Furthermore, he never signed a retainer with Mr. Hadian. He, in fact, exchanged his legal services or lack thereof legal services for Mr. Hadian by accepting free taxi rides. So the first appearance that Mr. Donrad made in court was in June of 2010. And at that time, Mr. Hadian observed that Mr. Donrad was drinking. And even though he was drinking and left a bottle of vodka outside the courtroom, Mr. Hadian thought that the hearing itself went fine. Now, the question is whether or not Mr. Hadian actually had notice of the hearing on February 22nd, 2011. In the intermediate time, Mr. Donrad, the attorney, never, not once, filed anything with the court. He didn't file any form of relief, nothing. So when Mr. Hadian approached Mr. Donrad in January or February, I think it was February of 2011, he had heard that Mr. Donrad had been suspended from the practicing law. And when Mr. Hadian approached Mr. Donrad about that, he became very angry and physical, and he felt, Mr. Hadian felt that his life was in danger. Can I ask a question? Certainly. Are you resting your argument on the absence of any indication in the record that Mr. Hadian got notice of the February 2011 hearing? I believe that Mr. Hadian was very confused about what would happen in February at the hearing. He was under the impression that he must appear with his attorney. So he knew about the hearing and made the decision not to appear because he was unrepresented. Is that accurate? Well, he didn't know that he was unrepresented. As far as he knew, he was represented and that he must appear in court with an attorney. And at that time, Mr. Donrad didn't appear at the hearing either. He did not notify the court. He did not notify Mr. Hadian in writing that he was suspended from the rule of law. And there's a lot of confusion in Mr. Hadian's mind about what to do. And Mr. Donrad told him repeatedly, I will fix it. So what the board said, I mean, this is at page four, that Mr. Hadian admittedly was aware of the hearing date and had been informed of the consequences of failure to attend a removal hearing. So he has the February date. He knows that that's the date. And he knows, obviously, that he didn't attend it. And so the board seems to have thought that to get, he then has 180 days, unless there's tolling, he has 180 days to file the motion to reopen. So that would run out in August. So for a later than August filing to have been timely, you need tolling for at least a few months, depending on how you count it. And the board seems to have thought that reasonable diligence, given what he already knew, would have entailed doing something more than what he did. Why was that wrong? Well, I will point out that, unfortunately, the notice of the order of removal was not delivered directly to Mr. Hadian. In fact, it was attempted to be delivered to Mr. Donrad, and it was returned to the court. So there was no way that Mr. Hadian would necessarily know that he had had an order of removal in absentia. But he did know that there was a court hearing, and both the IJ and the board fault him for not having made any effort to follow up with the court, which would have been something he could do without representation, and to find out what had happened as a result of the failure to appear at the February hearing. I think you have to look at the totality of the circumstances in this case, because Mr. Hadian also fell into abject poverty. He was homeless. I think when he did contact an attorney, Ms. Schultz, in November of 2011, that was the first time he realized that he was ordered removed. And Ms. Schultz also didn't tell him of the urgency that he needed to file a motion to reopen very quickly. So I think ineffective assistance of counsel is pretty favorable to Mr. Hadian in the sense that he really had no clue what was happening. And if you even look at the notice of hearing in particular, the top line says the attorney must go to court with the client. And in this case, you know, Mr. Hadian didn't know what was going to happen. What is the standard of review that governs our review of the board's determination that tolling was not warranted? I believe it's de novo in this case, not an abuse of discretion. I would look at Guerrero-Lasprilla, the Supreme Court case in 2020, and it doesn't rule out looking at ineffective assistance of counsel as a mixed question of fact and law. And I think that that's worth talking about at some point in the future in this case. But I will say that if you look at Lowe v. Ashcroft, the fact that the inabstential order doesn't require prejudice, and that's one thing that the BIA kind of hung their hat on, that he didn't suffer prejudice. He did suffer. My two minutes are up.  All right. Thank you. You may reserve the rest of your time.  And we'll hear from the Attorney General. Ms. Groff. Thank you. Good morning, Your Honors, and may it please the Court. Stephanie Groff for the Attorney General. I just want to touch on one point that my friend on the other side mentioned. The standard of review here is abuse of discretion. While the Supreme Court issued a decision in Guerrero-Lasprilla, that is not applicable to what we have here. In fact, this Court, as of October 17th in Montejo-Gonzalez, reiterated the standard that for motions to reopen, this Court is looking at whether the agency abused its broad discretion, whether they acted arbitrarily and capricious, et cetera. No. I have a question about that. It seems that we have two different findings that are present. One is that there was equitable tolling until November, and then he was not duly diligent in getting a motion to reopen filed. And the other is that the battle was lost in February of 2011 when he failed to appear and did not then contact the immigration court to find out what had happened. So we have both of those floating in the Board and the IJ's opinions. What do we do with the fact that there's equitable tolling under one and there's no equitable tolling under the other? Well, yes, Your Honor. Let me just clarify. We read the boards in the immigration judge's decision as two separate issues. First is the timeliness. And second, assuming timeliness, he demonstrated exceptional circumstances. Specifically with that timeliness, as Judge Miller noted, there's 180 days. If it's not, then a noncitizen must demonstrate that they've exercised their due diligence in obtaining vital information related to the claim. So the agency's decision here, especially the Board, focused on that aspect. Yes, it was untimely. There's no contest about that. But the Board found that while there was concerns with Mr. Donrad's representation, the noncitizen here, Mr. Hadian, did not act with due diligence to obtain vital information related to his claim. And then in order to get to the exceptional circumstances portion, that needs to either assume that there's timeliness or it be timely. And this Court can rule on the equitable tolling and find its dispositive. Now, as to whether he obtained vital information related to the claim, as my friend of the Court noted, he did have awareness of his February 2011 hearing. While Mr. Donrad was representing him in some way, there was they had a falling out, and he specifically on this record, and no one contests the fact, that he stated that he chose not to go. He had awareness. He had both the notice of hearing. He was at the prior master calendar where, while his attorney said he would tell him, both the NTA, his notice to appear, and subsequent notice of hearing specifically list out the requirements for a noncitizen if they fail to appear. And there is no contest that he had that. He was somewhat aware that something happened, and yet he chose not to go. And that's really what this case is about. Yes, the government understands that he was going through hard times with homelessness and destitute, but ultimately, he made the deliberate choice here not to go. And now, using ineffective assistance to counsel of his three prior attorneys, cannot overcome that equitable tolling and can't overcome exceptional circumstance, because ultimately the causation is on the noncitizen here. And specifically, moreover, with the obtaining vital information, there's Mr. Hadian himself notes in his declaration that he continually sought to figure out what was happening with this case and seek legal representation, but there's no explanation on what he was actually doing. In fact, as the board properly and did not abuse its discretion in noting that he could have called the immigration court, he could have appeared on his own while he thought he wouldn't be able to, he did nothing to follow up until past the 180 days and three months after that in November when he reached out with Ms. Scholes. Specifically, the record also shows that Mr. Donrad sent him messages on LinkedIn and even followed up with e-mails. And while it's unclear if he asked about the case, Mr. Hadian here made the deliberate choice not to necessarily follow up. And again, that's where the board found that he did not obtain this vital information necessary, and therefore equitable tolling was not required. The board emphasizes a prejudice component to ineffective assistance, but Lowe seems to say that's not part of the inquiry. Is the legal error, if that's what it was, on the part of the board in the prejudice analysis, is that something that would require remand? So, Your Honor, if that were the case, yes. But here, what the board was relying on when talking about prejudice specifically was within the equitable tolling component of this. The equitable tolling for ineffective assistance of counsel does take into consideration prejudice. It is when a motion to reopen is timely or it's assumed timely that that ineffective assistance of counsel, the prejudice is almost assumed. So it's not what's at issue. So while opposing counsel noted in their briefs that there was a legal error, they should not have addressed prejudice when it comes to the tolling, it is not a legal error, and the board was within their bounds to discuss prejudice. But ultimately, prejudice is not even what the board necessarily was focusing on. They mentioned it, but it's that unable to obtain vital information. And again, this goes back to Mr. Hodion himself. He chose not to go, and now using ineffective assistance of counsel later on is not enough to overcome this timeliness. Now, for exceptional circumstances, while the Court does not need to reach that issue as tolling is dispositive, we would note that, yes, prejudice should not be necessarily addressed when relating to ineffective assistance of counsel, but here the exceptional circumstances, Mr. Hodion has not shown that he did not appear because of the exceptional circumstance. That's specifically what the statute says. And it goes back to the same thing. Because of his cause, he said that he did not go because he didn't want to go without representation. That is not ineffective assistance of counsel did not cause him not to go. He's never contested or argued that Mr. Donrad told him not to go. And his two attorneys later on were not representing him at the time. So this, because of exceptional circumstances, his claim fails on that aspect. And I will note that this Court's recent decision in Monteo-Gonzalez, which I mentioned for the standard review, that relates to exceptional circumstances. But this case is distinguishable as that case determined that there was no timeliness issue. The Court, this Court in that case noted that it was not creating a new standard. It is a totality of circumstance. And here that's exactly what the agency did. They looked at the totality of circumstances, even assuming timely, but found that it was Mr. Hodion on his own who had his notice to appear, had two subsequent hearing notices, attended hearing, attended a hearing himself, and yet has admitted that it was his choice not to attend, and he cannot rely on his attorney's ineffectiveness to reopen his case. And on the standard review, you mentioned that we review the denial of a motion to reopen for abuse of discretion, which is correct. But have we said that we review a determination of equitable tolling in particular for abuse of discretion? I would need to double-check that, Your Honor. I believe equitable tolling, the concept, is a legal concept. So if there was an error related to the ultimate legal finding, it could be de novo and same with factual findings. It may be mixed. But here, ultimately, this Court has long said that abuse of discretion, which I believe encompasses the equitable tolling, abuse of discretion encompasses equitable tolling. So either way here, there is no legal error, there's no factual error, and there is no abuse of discretion. So under all three possible standards of review, Mr. Hadian has not met his burden of proof, but specifically it is abuse of discretion. When looking at the agency's broad discretion, and that goes inherently to the concepts of motion to reopen, Mr. Hadian was aware that he was possibly removable back when USCIS denied his request to remove the conditions. They, in fact, found that there was some evidence that he maybe entered into a marriage for somewhat concerning reasons to obtain status in the United States. He was aware of his hearings. He knew that something happened. And in November of 2011, was aware that he was ordered removed. And years later, sought to reopen. And that is not what — that is not an abuse of discretion when the Board here denied his motion to reopen. And for the foregoing reasons, we ask this Court to deny the as it relates to any challenge to sua sponte, if the Court doesn't have any other further questions. It appears we do not. Thank you. Thank you, Your Honors. Thank you, Your Honors. I just want to address the timeliness issue. In this case, with ineffective assistance of counsel, there's no way that Mr. Hadian would necessarily know that there was a three-month period in which he had to file a motion to reopen. How would he know that? He had an attorney, Mr. Donrad, who, by all standards, was far below any — even the most minimum ability to represent Mr. Hadian. And the fact that Mr. Hadian did not also — there's no clue that he got an oral advisal on his failure to appear would result in a removal order. Well, he had the written notices to appear, didn't he? But the statute also says that there needs to be an oral advisal. And that is very important. Many clients don't understand completely what's going on in court. It is a whole new venue for them, so to speak. So I think for Mr. Hadian, who is not a native speaker of English, how would he necessarily know everything? I think that in this case, why do we orally say that in court? We advise our clients that they must — In this case, the BIA made a specific finding that he was on notice and then also made a finding that he said he did not want to attend without representation. So what do you have that says that's not true? Well, Mr. Hadian also said that Mr. Donrad emphasized that he must go to — that he must attend court with his attorney. Where in the record is that? It's in his declaration. So he did not necessarily understand the consequences. But the board said he was advised. They made the finding that he had been advised of the hearing and that he chose not to go because he didn't want to go without his attorney. Well, you're referring to the immigration judge's decision. And in that decision — I'm reading from the BIA decision. Well, which adopted the IJ's decision. But interestingly, in the IJ's decision, he was talking about that Mr. Hadian missed an individual hearing. It was, in fact, a master hearing. In an individual hearing, you must file documents in that case. Nothing was filed, not one thing. No, I understand all that. I'm just — the ultimate question is are there exceptional circumstances. And basically, when we found that, there's no finding that the applicant was informed. I mean, basically, those cases come down to the fact there was no notice at all. And here there's a finding of notice. And he may have misinterpreted it, but that's the proper case. Mr. Donrad did not tell Mr. Hadian specifically that he must go to his hearing. He never advised him of that. And that's just complete incompetence on Mr. Donrad's part. Does that excuse Mr. Hadian's failure to follow up to determine what happened when he did not appear at the hearing he knew had been scheduled? He was confused. From the record, I understand that he was confused. And he said at one point that Mr. Donrad said he would fix it. And he just assumed that that's what — But he knew that wasn't true when he got the notice of removal in November of 2011. Exactly, but that was the first time that he became aware of the gross error and ineffective assistance of counsel of Mr. Donrad. I mean, we're not dealing with lawyers here. Basically, this is often the case. Right, but the case law record shows that there's a lot of deference to people who don't really get it. And, I mean, if you look at Rodriguez-Larez, that case, it was over four years before they understood what was going on. They had no idea. So thank you.
judges: THOMAS, MILLER, Rosenthal